UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

ELIZABETH NIELSEN,

           Plaintiff,

     v.                                              Civil No. 08-1270-HA

                                              OPINION AND ORDER

MICHAEL J. ASTRUE,
Commissioner of Social Security,

           Defendant.

_____

HAGGERTY, District Judge:

       Plaintiff Elizabeth Nielsen seeks judicial review of a final decision by the Commissioner

of the Social Security Administration denying her application for Disability Insurance Benefits

(DIB).  This court has jurisdiction to review the Commissioner's decision under 42 U.S.C. §

405(g).  For the following reasons, the Commissioner's decision is reversed and remanded for

further proceedings.

1- OPINION AND ORDER

## STANDARDS

To establish eligibility for benefits, a plaintiff has the burden of proving an inability to engage in any substantial gainful activity (SGA) "by reason of any medically determinable physical or mental impairment" that has lasted or can be expected to last for a continuous period of not less than twelve months. 42 U.S.C. § 423(d)(1)(A). Additionally, for the purposes of DIB, a plaintiff has the burden of proving disability prior to the termination of his or her insured status. *Tidwell v. Apfel*, 161 F.3d 599, 601 (9th Cir. 1999).

The Commissioner has established a five-step sequential evaluation process for determining if a person is eligible for benefits. 20 C.F.R. §§ 404.1520, 416.920.

First, the Commissioner determines whether the claimant is engaged in SGA. If the claimant is so engaged, disability benefits are denied.

If not, the Commissioner proceeds to the second step and determines whether the claimant has a medical impairment that meets the regulatory definition of "severe." 20 C.F.R. § 404.1520(a). If the claimant lacks this kind of impairment, disability benefits are denied. 20 C.F.R. § 404.1520(c).

If at least some of the claimant's impairments are severe, the Commissioner proceeds to the third step to determine whether the impairment or impairments are equivalent to one or more impairments that the Commissioner has recognized to be so severe that they are presumed to preclude SGA. *See* 20 C.F.R. § 404.1520(d). These are listed in 20 C.F.R. Part 404, Subpart P, Appendix 1 (Listing of Impairments or the Listings). The Listings describe impairments which qualify as severe enough to be construed as *per se* disabling. 20 C.F.R. §§ 404.1525, 416.925; *Tackett v. Apfel*, 180 F.3d 1094, 1099 (9th Cir. 1999).

2- OPINION AND ORDER

The claimant has the burden of producing medical evidence that establishes all of the requisite medical findings for a listed impairment. *Burch v. Barnhart*, 400 F.3d 676, 683 (9th Cir. 2005); *Bowen v. Yuckert*, 482 U.S. 137, 146 (1987). If the claimant's condition meets or equals one in the Listing of Impairments, the claimant is presumed conclusively to be disabled.

If the impairment is not one that is presumed to be disabling, the Commissioner determines the claimant's residual functional capacity (RFC), which is the most an individual can do in a work setting despite the total limiting effects of all his or her impairments. 20 C.F.R. §§ 404.1545(a)(1), 416.945(a)(1), and Social Security Ruling (SSR) 96-8p.

The Commissioner then proceeds to the fourth step to determine whether the impairment prevents the claimant from engaging in work that the claimant has performed in the past. If the claimant is able to perform his or her former work, a finding of "not disabled" is made and disability benefits are denied. *See* 20 C.F.R. § 404.1520(e).

If the claimant is unable to perform work that he or she has performed in the past, the Commissioner proceeds to the fifth and final step and determines if the claimant can perform other work in the national economy in light of his or her RFC, age, education, and work experience.

In this five-step framework used by the Commissioner, the claimant has the burden of proof at steps one through four. Accordingly, the claimant bears the initial burden of establishing his or her disability.

At the fifth step, however, the burden shifts to the Commissioner to show there are a significant number of jobs in the national economy that the claimant can perform given his or her RFC, age, education, and work experience. *Gomez v. Chater*, 74 F.3d 967, 970 (9th Cir. 1996).

3- OPINION AND ORDER

If the Commissioner cannot meet this burden, the claimant is considered disabled for purposes of awarding benefits under the Act.  20 C.F.R. § 404.1520(f)(1).  If the Commissioner meets this burden, the claimant is deemed not disabled for purposes of determining benefits eligibility.  20 C.F.R. §§ 404.1566, 404.1520(g).

The Commissioner's decision must be affirmed if it is based on proper legal standards and its findings are supported by substantial evidence in the record as a whole.  42 U.S.C. § 405(g); *Tackett*, 180 F.3d at 1097; *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). Substantial evidence is more than a scintilla but less than a preponderance; it is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  *Sandgathe v. Chater*, 108 F.3d 978, 980 (9th Cir. 1997) (citation omitted).  The Commissioner's denial of benefits is upheld even if the evidence is susceptible to more than one rational interpretation, so long as one of the interpretations supports the decision of the Administrative Law Judge (ALJ). *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002); *Andrews*, 53 F.3d at 1039-40.

The court must weigh all of the evidence, whether it supports or detracts from the Commissioner's decision.  *Tackett*, 180 F.3d at 1098.  The Commissioner, not the reviewing court, must resolve conflicts in the evidence, and the Commissioner's decision must be upheld in instances where the evidence supports either outcome.  *Benton v. Barnhart*, 331 F.3d 1030, 1035 (9th Cir. 2003); *Reddick v. Chater*, 157 F.3d 715, 720-21 (9th Cir. 1998).

However, a decision supported by substantial evidence must be set aside if the Commissioner did not apply the proper legal standards in weighing the evidence and making the decision.  *Reddick*, 157 F.3d at 720.

**FACTS**

The relevant facts, which are drawn from the administrative record and the ALJ's

4- OPINION AND ORDER

decision, are summarized here.  Plaintiff was forty-five years old at the alleged disability onset

date and forty-eight years old at the time of the ALJ's hearing.  Plaintiff has a high school

education and has past relevant work experience in food preparation, as a dishwasher, and as a

janitor.

Plaintiff protectively filed her application for benefits in December 2004, alleging

disability beginning November 23, 2004.  Plaintiff alleges disability stemming from physical and

mental impairments including: osteoarthritis, sleeping problems, anxiety, a panic disorder, an

intellectual deficit, and depression.  Plaintiff's application was denied initially and on

reconsideration.  The ALJ conducted a hearing on August 17, 2007 at which she heard testimony

from plaintiff, who was represented by counsel; and a vocational expert.

On February 28, 2008 the ALJ issued a decision finding plaintiff not disabled as defined

in the Social Security Act.  The Appeals Council declined plaintiff's request for administrative

review, making the ALJ's decision the final decision of the Commissioner for purposes of

judicial review.  Plaintiff subsequently initiated this action.

## SUMMARY OF ALJ'S FINDINGS

At step one, the ALJ found that plaintiff had not engaged in SGA since her alleged

disability onset date.  Tr. 20, Finding 1.[1]

At step two, the ALJ found that plaintiff has the following medically determinable severe

impairment: osteoarthritis in her knees.  Tr. 20, Finding 2.

At step three, the ALJ found that plaintiff does not have an impairment, or combination

of impairments, that meets or equals the requirements of any listed impairment.  Tr. 20, Finding

---

[1] Tr. refers to the Transcript of the Administrative Record.

5- OPINION AND ORDER

3.

The ALJ determined that plaintiff has the RFC to perform light work activity and that she can read, write, add, and subtract.  Tr. 21, Finding 4.  Additionally, the ALJ determined that plaintiff can sit for eight hours in an eight-hour workday with normal breaks, that she can stand and/or walk for one hour at a time for a total of six hours in an eight-hour workday and that she must avoid crouching, crawling, and kneeling.  *Id*.

At step four, the ALJ found that plaintiff was incapable of performing her past relevant work.  Tr. 25, Finding 5.

At step five, the ALJ, found that there are jobs that exist in significant numbers in the national economy that plaintiff could perform.  Tr. 25, Finding 9.

## DISCUSSION

Plaintiff contends that this court should reverse and remand the Commissioner's final decision for further findings or for an award of benefits due to a number of alleged errors including: (1) improperly assessing lay witness testimony, (2) improperly rejecting physicians' opinions, (3) improperly assessing plaintiff's RFC, and (4) improperly assessing plaintiff's credibility.

**1.      Lay Witness Testimony**

Plaintiff asserts that the ALJ erred in failing to credit the evidence presented by plaintiff's son, Torrey Zandona.  The ALJ rejected Mr. Zandona's written testimony because "he has a personal relationship with the claimant and lacks the expertise and possibly the motivation to offer an objective or functional assessment." Tr. 24-25.  Additionally, the ALJ found that the evidence presented by Mr. Zandona was inconsistent with other evidence in the record.

Lay testimony regarding a claimant's symptoms "is competent evidence that an ALJ must

take into account" unless the ALJ "expressly determines to disregard such testimony and give reasons germane to each witness for doing so." *Lewis v. Apfel*, 236 F.3d 503, 511 (9th Cir. 2001). An ALJ must offer "arguably germane reasons for dismissing" lay testimony, but need not "clearly link his determination to those reasons." *Id.* at 512.

The ALJ's first two reasons for rejecting Mr. Zandona's testimony are invalid. First, there is nothing in the record to suggest that Mr. Zandona's testimony was unduly motivated by his relationship with plaintiff. The mere fact that Mr. Zandona is plaintiff's son does not constitute a valid or germane reason for rejecting his testimony. A claimant's immediate family members are in a unique position to describe the effects of a claimant's impairments on his or her day to day life. Under this ALJ's reasoning, every family member testifying on behalf of a claimant would be of suspect credibility. A familial relationship, by itself, provides no basis for discrediting a lay witness's testimony.

Second, lay witnesses are by their very definition not medical experts and lack expertise to provide a basis for observations they make. Nevertheless, a lay witness's testimony is competent evidence that the ALJ must consider. *Lewis*, 236 F.3d at 511.

However, the ALJ correctly discounted Mr. Zandona's testimony because his testimony was unsupported by the medical record. Therefore, the ALJ's errors in evaluating Mr. Zandona's testimony were harmless. *Batson v. Comm'r Soc. Sec. Admin.*, 359 F.3d 1190, 1197 (9th Cir. 2004).

### 2.    Physicians' Opinions

Plaintiff argues that the ALJ improperly rejected the opinions of a number of physicians and medical sources. Of particular relevance to this court's analysis is the opinion of Dr. Tran, M.D. Doctor Tran stated that plaintiff's "hands show some prominent bony swelling of her PIP,

7- OPINION AND ORDER

more so in her left hand." Tr. 306. Additionally, Dr. Tran wrote a work note limitation that plaintiff was to spend no more than two hours on her feet. *Id*.

The opinion of an examining physician cannot be lightly disregarded. However, such opinions are "not binding on an ALJ with respect to the existence of an impairment or the ultimate determination of disability." *Tonapetyan v. Halter*, 242 F.3d 1144, 1148 (9th Cir. 2001) (citing *Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir.1989)). The ALJ may reject the contradicted opinion of a treating or examining physician by stating specific and legitimate reasons, and may reject an uncontradicted treating or examining physician opinion by providing clear and convincing reasons, supported by substantial evidence in the record. *Bayliss v. Barnhart*, 427 F.3d 1211, 1216 (9th Cir. 2005); *see also Lester v. Chater*, 81 F.3d 821, 830-32 (9th Cir. 1995) (ALJ must provide clear and convincing reasons for rejecting uncontroverted expert opinions, and must provide specific, legitimate reasons for rejecting controverted expert opinions). An ALJ must give weight not only to the physician's clinical findings and interpretation of test results, but also to their subjective judgments. *Lester*, 81 F.3d at 832-33 (citation omitted).

The ALJ omitted Dr. Tran's opinion in her analysis. The Commissioner concedes that the ALJ erred in so failing, but argues that it was harmless error because the VE testified that the jobs identified at step five could be performed by an individual even if they could stand for only one hour at a time. However, the hypothetical posed to the VE assumed an individual with the ability to stand for one hour at a time, but for more than two hours in a day. Doctor Tran apparently limited plaintiff to a total of two hours per day, not two hours at a time. More importantly, Dr. Tran addressed medical issues concerning plaintiff's hands and the ALJ gave little attention to plaintiff's alleged hand impairments and included no grasping limitations in her

8- OPINION AND ORDER

RFC. Accordingly, this court cannot conclude that the ALJ's failure to consider Dr. Tran's opinion was harmless error.

This court has reviewed plaintiff's remaining arguments and finds that the remaining portions of the ALJ's decision are free of legal error and are supported by substantial evidence in the record.

A remand for further proceedings is unnecessary if the record is fully developed, and it is clear from the record that the ALJ would be required to award benefits. *Holohan v. Massanari*, 246 F.3d 1195, 1210 (9th Cir. 2001). The decision whether to remand for further proceedings turns upon the likely utility of such proceedings. *Harman v. Apfel*, 211 F.3d 1172, 1179 (9th Cir. 2000). In this matter, this court concludes that outstanding issues remain that must be resolved before a determination of disability can be made.

Upon remand, the ALJ shall consider the opinion of Dr. Tran and shall reevaluate plaintiff's RFC in light of his opinion if necessary. The ALJ shall address any limitations plaintiff may have as a result of her alleged hand impairments. Plaintiff shall also have the opportunity to submit new evidence regarding her alleged impairments, including her alleged mental impairments, osteoarthritis, and whether she retains the ability to utilize her hands for grasping and manipulation.

## **CONCLUSION**

For the reasons provided, this court concludes that pursuant to sentence four of 42 U.S.C. § 405(g), the decision of the Commissioner denying Elizabeth Nielsen's application for DIB must be REVERSED and REMANDED FOR FURTHER PROCEEDINGS consistent with this ruling and the parameters provided herein.

IT IS SO ORDERED.

9- OPINION AND ORDER

DATED this   18   day of November, 2009.

                              ____/s/ Ancer L. Haggerty_____
                              Ancer L. Haggerty
                              United States District Judge

10- OPINION AND ORDER